DECISION
Defendant-appellant, Sheila I. Hill, appeals from a judgment of the Franklin County Court of Common Pleas imposing the maximum sentence for her conviction on count one of the indictment, possession of cocaine in violation of R.C. 2925.11. Defendant assigns a single error:
 THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM ALLOWABLE SENTENCE WITHOUT SPECIFICALLY FINDING THE FACTORS SET FORTH IN R.C. 2929.14(C).
Because the trial court failed to make the requisite findings, we reverse.
On August 17, 1998, defendant entered a guilty plea to one count of possession of cocaine, a felony of the fifth degree. The court ordered a pre-sentence investigation. At the October 25, 1999 sentencing hearing, the court imposed twelve months of incarceration, the maximum sentence. Defendant's single assignment of error asserts the trial court erred in imposing the maximum sentence without specifically finding the factors required by R.C.2929.14(C).
The Supreme Court in State v. Edmonson (1999), 86 Ohio St.3d 324
acknowledged a public policy disfavoring maximum sentences except for the most deserving offender, stating:
 "[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *." (Emphasis sic.) Id. at 328.
Under R.C. 2929.14(C), "the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." Id. at 329.
While R.C. 2929.14(C) itself does not require that the trial court state its reasons for imposing the maximum sentence, R.C. 2929.19(B)(2)(d) does. State v. Moss (Dec. 28, 1999), Franklin App. No. 99AP-30, unreported. Thus, the trial court is not only required to make the requisite findings under R.C.2929.14(C), but also to state its reasons, as required under R.C.2929.19(B)(2)(d). State v. Legg (Mar. 7, 2000), Franklin App. No. 99AP-574, unreported.
Here, the trial court found defendant "was out on bail before trial or under court sanction or under post release control or parole when the offense was committed. Prior adjudication of delinquency or history of criminal convictions, failure to respond favorably in the past to probation or parole, failure to acknowledge a pattern of drug or alcohol abuse as relates to this offense. No genuine remorse. Also, the record should reflect that she capiased from her PSI interview. She capiased from her September twenty-eighth, nineteen-ninety-eight sentencing. So she's been capiased for over a year. The Court finds that recidivism is likely." (Tr. 4-5.)
Here, the court found defendant likely would commit future crimes. The statute, however, requires that the court find, as relevant to the recidivism element of R.C. 2929.14(C), that defendant posed the greatest likelihood of committing future crimes. The trial court failed to make the requisite findings pursuant to R.C. 2929.14(C), and the state concedes that the trial court failed to do so.
Accordingly, defendant's single assignment of error is sustained, the judgment of the trial court is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.